IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL SAMUEL WORTHY,          )<br>        Plaintiff,                              )<br>                                                  )<br>        v.                                          )<br>                                                  )<br>GOVERNOR EDWARD RENDELL, )<br>et al.,                                         )<br>        Defendants.                       ) | Civ. A. No. 05-368<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Motion to Proceed *In Forma Pauperis* [Document # 1] be denied and the case dismissed without prejudice.

**II. REPORT**

When submitting a Motion to Proceed *In Forma Pauperis*, the Plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the afore-mentioned affidavit, Plaintiff is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff has failed to submit a copy of his institutional account statement, certified or otherwise. Because Plaintiff has failed to comply with the statutory prerequisites for proceeding *In Forma Pauperis*, Plaintiff's Motion to Proceed *In Forma Pauperis* should be denied and the case dismissed without prejudice.

### III.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Plaintiff's Motion to Proceed *In Forma Pauperis* [Document # 1] be denied and the case dismissed without prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                            S/Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            Chief U.S. Magistrate Judge

Dated:  January 3, 2006

cc:      The Honorable Sean J. McLaughlin
           United States District Judge